**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Beaufort Division**

| | | |
|---|---|---|
| ADAM R. SASLOW, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | File No. 9:24-CV-6561-BHH- |
| v. | ) | MGB |
| | ) | |
| KEARNS & WEST, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Adam R. Saslow ("Plaintiff" or "Mr. Saslow") hereby files this Complaint for Damages and Equitable Relief against Defendant Kearns & West ("Defendant" or "K&W"), showing the Court as follows:

## INTRODUCTION

1.

Plaintiff asserts claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

2.

Plaintiff seeks back pay and lost economic benefits, compensatory damages, punitive damages, and his reasonable attorneys' fees and costs of litigation in an amount to be determined at trial.

## JURISDICTION AND VENUE

3.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. See 28 U. S. C. § 1391(b)(2); 42 U.S.C. § 12117; 42 U.S.C. § 2000e–5(f)(3).

## THE PARTIES

5.

Plaintiff is a resident of South Carolina and subjects himself to the jurisdiction of this Court.

6.

Plaintiff is an individual with a disability as that term is defined under the ADAAA or was regarded as disabled under the ADAAA.

7.

Specifically, Plaintiff is a person with a disability because he has been diagnosed with and treated for prostate cancer and related symptoms which constitute a disability/disabilities under the ADAAA.

8.

At all relevant times, Plaintiff was a "qualified individual" with a disability because he was able to perform the essential functions of his job with or without a reasonable accommodation.

9.

Plaintiff was at all relevant times a person with a disability because he has actual impairments including prostate cancer which substantially limit and/or limited one or more of his major life activities including but not limited to muscular control and prostate function, because he has a record of impairment, and because Defendant regarded him as having an impairment.

10.

At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADAAA.

11.

Defendant Kearns & West is a corporation organized and existing under the laws of the State of California and is subject to the jurisdiction of this Court because it conducts substantial business within this judicial district and because it employed Plaintiff within this judicial district.

12.

Plaintiff is still listed as Defendant's registered agent for service of process in South Carolina, and thus, for purposes of this case, Defendant has no registered agent for service of process upon whom this lawsuit may be served.

13.

At all times relevant to this action, Defendant was an "employer" within the meaning of the

ADAAA.

## **EXHAUSTION OF ADMINSTRATIVE REMEDIES**

14.

Plaintiff has satisfied all administrative prerequisites to perfect his claims of discrimination and retaliation under the ADAAA. Specifically, he timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation on January 23, 2024 and timely filed this lawsuit following receipt of a Notice of Right to Sue Letter on October 24, 2024.

## **STATEMENT OF FACTS**

### **Background**

15.

Plaintiff became employed with K&W as a Director in 2019.

16.

Plaintiff was promoted to Senior Director in 2020 and to Vice President in January 2022.

17.

Plaintiff received positive performance reviews and was considered a leader in the industry throughout K&W and nationally.

18.

Plaintiff effectively managed client relationships and staff and had a national reputation as a compelling, energetic professional.

19.

Plaintiff received positive feedback from clients, coworkers and more junior employees, who considered him a leader and mentor.

20.

Plaintiff was on target to become a K&W Principal in 2024-2025 and made progress toward the goals in his Principal roadmap.

21.

Plaintiff's last performance review, in March 2023, was positive.

**Plaintiff's Cancer Diagnosis**

22.

Plaintiff was diagnosed with prostate cancer in May 2023 and promptly disclosed his diagnosis to K&W.

23.

Plaintiff disclosed his diagnosis to K&W Principal Jason Gershowitz on May 3, 2023 and informed Vice President and Head of People and Operations Crystal Jackson on May 15, 2023; Plaintiff shared that treatment would likely begin in late June or early July.

**K&W's Adverse Actions Against Plaintiff
Because of His Diagnosis, Treatment, and Medical Leave**

24.

K&W began to discriminate and retaliate against Plaintiff immediately after he disclosed his illness and required medical leave for treatment.

25.

Although Plaintiff had a strong track record as a leader, K&W suddenly and unjustifiably stripped him of all staff and leadership responsibility on May 23, 2023, refusing to give Plaintiff specific details regarding any alleged reason.

26.

Plaintiff requested the reasonable accommodation of medical leave for cancer treatment and surgery.

27.

With the knowledge of senior leadership, Plaintiff spent the time leading up to his absence developing work for others rather than for himself, in anticipation of his upcoming medical leave.

28.

Plaintiff w also ensured all his projects were in a good position in advance of his leave.

29.

Plaintiff's surgery was scheduled for August 9, 2023 and he took medical leave for cancer treatment and surgery from approximately August 8, 2023 through September 4, 2023.

30.

On August 17, 2023, Plaintiff informed Mr. Gershowitz and K&W Principal Eric Poncelet that his cancer had spread and that his treatment would continue.

31.

Plaintiff used additional, preapproved leave (specifically, earned PTO) intermittently during September.

32.

On September 7, 20232 only three days after Plaintiff returned from leave, Mr. Gershowitz told Plaintiff that he just did "not see" him becoming a Principal.

33.

Also on or about September 7, 2023, K&W began, for the first time, to criticize Plaintiff's performance, productivity, business development, and billability, in order to set the stage for further discriminatory and retaliatory adverse actions against him.

34.

Nevertheless, Plaintiff returned to working diligently after his leave, just as he had before.

35.

On September 21, Plaintiff shared with management that he was not "out of the woods" regarding his cancer.

36.

On October 3, with no warning and no input from Plaintiff, K&W told Plaintiff that it would be shifting him to a 32-hour workweek.

37.

This cut in hours also amounted to a 20% salary cut.

38.

On November 9, 2023, K&W suddenly terminated Plaintiff's employment.

39.

K&W intentionally denied Plaintiff an opportunity to rebuild his pipeline and never asked him about his pipeline or his progress during the weeks before his termination.

**COUNT ONE**
**DISCRIMINATION IN VIOLATION OF THE ADAAA**
**ACTUAL DISABILITY**

40.

Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as if fully restated herein.

41.

Plaintiff is a qualified individual with a disability. Plaintiff's disability substantially limited one or more major life activities.

42.

Nonetheless, Plaintiff was able to perform the essential functions of his job.

43.

Plaintiff requested a reasonable accommodation from Defendant in the form of leave for cancer treatment.

44.

Defendant intentionally discriminated against Plaintiff by subjecting him to adverse employment actions, including but not limited to stripping him of major responsibilities immediately after he disclosed his cancer diagnosis, and reducing his hours and pay and then terminating his employment shortly after he returned from medical leave for cancer treatment.

45.

Defendant's adverse employment actions were intentional and willful violations of the ADAAA in violation of Plaintiff's rights thereunder.

46.

Plaintiff is entitled to an award of back pay, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief available under the ADAAA.

## COUNT TWO
## DISCRIMINATION IN VIOLATION OF THE ADAAA
## REGARDED AS DISABLED

47.

Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as if fully restated herein.

48.

Defendant stripped Plaintiff of major responsibilities immediately after he disclosed his cancer diagnosis, and reduced his hours and pay and then terminated his employment shortly after he returned from medical leave for cancer treatment because it regarded him as disabled.

49.

Defendant's adverse employment actions were intentional and willful violations of the ADAAA in violation of Plaintiff's rights thereunder.

50.

Plaintiff is entitled to an award of back pay, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief available under the ADAAA.

## COUNT THREE
## RETALIATION IN VIOLATION OF THE ADAAA

51.

Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as if fully restated herein.

52.

Plaintiff is a qualified individual with a disability. Plaintiff's disability substantially limited one or more major life activities.

53.

Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

54.

Plaintiff requested the accommodation of leave for cancer treatment.

55.

Plaintiff's request for leave for cancer treatment constituted protected conduct under the ADAAA.

56.

Defendant stripped Plaintiff of major responsibilities immediately after he disclosed his cancer diagnosis, and reduced his hours and pay and then terminated his employment shortly after he returned from medical leave for cancer treatment in retaliation for his protected conduct of requesting for leave for cancer treatment.

57.

Defendant's adverse employment actions were intentional and willful violations of the

ADAAA in violation of Plaintiff's rights thereunder.

58.

Plaintiff is entitled to an award of back pay, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief available under the ADAAA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Adam R. Saslow demands a **TRIAL BY JURY** and requests the following relief:

a.    That the Court award Plaintiff back pay and all benefits, privileges, and rights previously denied;

b.    That the Court order that Plaintiff be reinstated or, in the alternative, be awarded front pay;

c.    That the Court award Plaintiff compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

d.    That the Court award Plaintiff punitive damages to deter Defendant from engaging in unlawful conduct in the future;

e.    That the Court award Plaintiff his attorneys' fees and costs; and

f.    Such other and further legal or equitable relief as this Court deems just and proper.

<strong>SIGNATURE BLOCK ON FOLLOWING PAGE</strong>

Respectfully submitted,

*/s/ Edward D. Buckley*

Edward D. Buckley
Georgia Bar No. 092750
Camille J. Mashman
Georgia Bar No. 612930
**BUCKLEY BALA WILSON MEW LLP**
600 Peachtree Street, NE, Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
edbuckley@bbwmlaw.com
cmashman@bbwmlaw.com

*Counsel for Plaintiff*


**BLOODGOOD & SANDERS, LLC**

s/Nancy Bloodgood
Nancy Bloodgood, Fed. Bar No.: 5208
242 Mathis Ferry Road, Suite 201
Mt. Pleasant, SC 29464
Telephone: (843) 972-0313
Email: nbloodgood@bloodgoodsanders.com

*Local Counsel for Plaintiff*


Charleston, South Carolina
Date: November 18, 2024